Matter of Amira W. H. (Tamara T. H.) (2022 NY Slip Op 04550)

Matter of Amira W. H. (Tamara T. H.)

2022 NY Slip Op 04550

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-04420 
2021-04421
 (Docket Nos. B-00689-2016, N-27316-2014)

[*1]In the Matter of Amira W. H. (Anonymous). SCO Family of Services, respondent; Tamara T. H. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Amira H. (Anonymous). Administration for Children's Services, respondent; Tamara H. (Anonymous), appellant. (Proceeding No. 2)

Kyle Sosebee, Brooklyn, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent in Proceeding No. 1.
Kenneth M. Tuccillo, Hastings on Hudson, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Kings County (Elizabeth Barnett, J.), dated June 7, 2021, and (2) an order of the same court also dated June 7, 2021. The order of disposition, upon remittitur from this Court by decision and order dated April 9, 2020 (see Matter of Amira W.H. [Tamara T.H.], 182 AD3d 547), and after further fact-finding and dispositional hearings, in effect, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the Commissioner of Social Services of the City of New York and SCO Family of Services for the purpose of adoption. The order denied the mother's motion for certain parental access with the subject child.
ORDERED that the order of disposition and the order are affirmed, without costs or disbursements.
In October 2014, approximately three months after the subject child's birth, the Administration for Children's Services filed a petition pursuant to Family Court Act article 10 against the mother alleging neglect, and the child was placed in foster care. In February 2016, SCO Family of Services commenced a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights and free the child for adoption. By order dated July 31, 2018, following fact-finding and dispositional hearings, the Family Court, among other things, found that the mother permanently neglected the child and terminated her parental rights. The mother appealed. By decision and order dated April 9, 2020, this Court reversed and remitted the matter to the Family Court to permit the mother to renew her application to present evidence at a reopened fact-finding hearing, and if warranted, issue new findings of fact, and a new disposition [*2]thereafter (see Matter of Amira W.H. [Tamara T.H.], 182 AD3d 547, 548). In May 2020, the mother moved for certain parental access with the subject child.
Upon remittitur, the Family Court conducted a reopened fact-finding hearing and held the mother's motion for certain parental access in abeyance pending the completion of a dispositional hearing. Following the dispositional hearing, by order dated June 7, 2021, the court, in effect, found that the mother permanently neglected the child and terminated her parental rights. In a separate order of the same date, the court denied the mother's motion for certain parental access. The mother appeals from both orders.
At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child (see Family Ct Act § 631; Matter of Hope J. [Fatima M.], 191 AD3d 673, 674; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007). The court may: (1) dismiss the petition if the allegations are not established; (2) suspend judgment for up to one year; or (3) terminate parental rights, freeing the child for adoption (see Family Ct Act §§ 631, 632[a]; 633[b]; Social Services Law § 384-b[8][f]).
Here, under the circumstances, including that the mother was not seeking the return of the subject child to her custody and care, the Family Court properly determined that terminating the mother's parental rights and freeing the child for adoption was in the child's best interests (see Matter of Devon K.W. [Lisette N.C.], 187 AD3d 766, 768; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856). A suspended judgment would serve only to prolong the delay of stability and permanence in the child's life (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914-915; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 732). Moreover, the court properly denied the mother's motion for certain parental access with the child (see Matter of Hailey ZZ.[Ricky ZZ.], 19 NY3d 422, 426, 437; Matter of "Baby Boy" I. v Edna I., 166 AD3d 975, 975).
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court